UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V. Cr. No. 06-070-1S

OSCAR SANDOVAL

**PRETRIAL MEMORANDUM**

Pursuant to this Court's Pretrial Order, Defendant Oscar Sandoval submits the following pretrial memorandum.

A. Issues

1. Whether the Government can prove, beyond a reasonable doubt, that on or about May 25, 2006 this Defendant knowingly possessed with intent to distribute more than five kilograms of cocaine.

2. Whether the oral and written statements made by this Defendant were "voluntarily given", within the meaning of 18 USC Section 3501.

B. Arguments.

This Defendant's position is that the Government cannot prove that he possessed the cocaine, which was found by law enforcement officers in a safe located in a motor vehicle operated by the codefendant Manuel Mendes Herasme. Defendant was not an occupant of the vehicle in which the safe was found, and the vehicle was registered to Defendant's girlfriend, not to Defendant. Defendant was not able to provide the combination to the safe to law enforcement officers, nor were his fingerprints found thereon or therein.

Defendant submits that the law enforcement witnesses whose testimony links him to the contents of the safe are not credible, and that their credibility is the

foundation of the Government's case. If their testimony is not believed, Defendant submits that the jury must find him not guilty.

Defendant further submits that 18 USC Section 3501(a) mandates that this Court hold a preliminary hearing, outside the presence of the jury, on the issue of the voluntariness of his oral and written statements. After analyzing the factors set forth in Section 3501(b), in the event that this Court finds Defendant's statements were voluntary, the Court is required by Section 3501(a) to instruct the jury "to give such weight to the confession as the jury feels it deserves under all the circumstances."

B. Pending Matters.

1. This Defendant has requested a preliminary hearing by the Court as to the issue of voluntariness.
2. The Government has agreed not to introduce evidence of Defendant's immigration status in its case-in-chief.
3. The Government has filed a notice, pursuant to Rule 404(b) of the Federal Rules of Evidence, of intent to introduce evidence that Defendant proffered a driver's license in a name other than his own at the time of Defendant's arrest. Defendant objects to the introduction of this evidence, which will create a misapprehension in the minds of the jurors, namely that Defendant proffered the false driver's license due to consciousness of guilt of the crime charged. This is not the reason that Defendant used the name Eddie Ramos to obtain a Rhode Island driver's license. In fact Defendant as an illegal alien could not work or

obtain a driver's license in his own name, and for that reason alone he possessed a driver's license in a name other than his own. Defendant therefore objects to the Government's intended use of this evidence at trial.

4. The Government has indicated in its pretrial memorandum that it intends to introduce "opinion evidence" from law enforcement witnesses regarding "the methods and operation unique to narcotics trafficking." Defendant submits that the proffered testimony is in fact largely expert testimony, not "opinion evidence", as the two types of testimony are distinguished by the Advisory Committee Notes to the 2000 Amendments to the Federal Rules of Evidence. The Notes rely on United States v. Figueroa-Lopez, 125 F.3d 1241, 1246 (9th Cir. 1997), which holds that law enforcement agents testifying that a defendant's conduct was consistent with that of a drug trafficker could not testify as lay witnesses, nor could they testify that defendant was using code words to refer to drug quantities and prices. The Committee Notes further state that, if a law enforcement witness "were to describe how a narcotic was manufactured, or to describe the intricate workings of a narcotic distribution network, then the witness would have to qualify as an expert under Rule 702." To permit such testimony under Rule 701, the Committee Notes warn, subverts the requirements of Federal Rule of Criminal Procedure 16(a)(1)(E).

To the extent that the Government intends to introduce "expert testimony" from the law enforcement officers within the meaning of Rule 702 of the Federal Rules of Evidence, Defendant requests a preliminary hearing as to the reliability and helpfulness of the proffered expert testimony, outside the presence of the jury, pursuant to Daubert v. Merrell Dow Pharmaceuticals, 509 US 579 (1993) and Kumho Tire Co. v. Carmichael, 119 S.Ct. 1167 (1999).

C. Estimated time of trial.

Counsel estimates that this case should take no more than two days, including jury selection and closing arguments.

D. Voir Dire.

This Defendant requests that the Court inquire regarding the following:

1. Whether any of the prospective jurors have had prior jury service. If so, whether the prior service was on a civil or a criminal case, and whether the case proceeded to a verdict.
2. Whether any of the prospective jurors, their close friends or relatives, are or have ever been employed in any field of law enforcement.
3. Whether any of the prospective jurors have had any formal education or vocational training in the area of either criminal justice or criminal law.
4. What are the views of the prospective jurors regarding substance abuse issues, particularly regarding the question of treatment as opposed to punishment of persons with substance abuse problems.

5. What are the views of the prospective jurors regarding substance abuse involving the over-use of legal substances such as alcohol and prescription drugs. Do the prospective jurors view this sort of substance abuse differently than substance abuse involving the over-use of illegal substances such as marijuana, heroin and cocaine.

6. Do any of the prospective jurors have fixed views regarding substance abuse involving illegal substances, such that they would be unable to hold the Government to its heavy burden of proof in this case.

7. Whether any of the prospective jurors, or any close friend or relative, have ever been treated for a substance abuse problem.

8. Whether any of the prospective jurors harbor any prejudice against persons of Hispanic descent.

9. Whether any of the prospective jurors harbor any prejudice against persons living in the United States who have limited English-speaking skills and so, like Defendant, rely on an interpreter to insure full understanding of important matters.

10. Whether any of the prospective jurors harbor any prejudice against persons who are not native-born Americans, but come to this country after being born elsewhere.

11. Whether any of the prospective jurors have had a negative personal experience with a person of Hispanic descent, or particularly a person from Guatemala, and, if so, whether that experience would render that

juror unable to hold the Government to its heavy burden of proof beyond a reasonable doubt.

12. Whether any of the prospective jurors, or any close friend or relative, has ever been a victim of a crime or a witness to a crime.

13. Whether any of the prospective jurors expect this Defendant to prove anything at trial, and in particular whether any of the prospective jurors expect this Defendant to prove his innocence.

14. Whether any of the prospective jurors have any difficulty accepting the proposition that the Government shoulders a heavy burden at this and every criminal trial – the Government must prove this Defendant's guilt beyond a reasonable doubt.

15. Whether any of the prospective jurors expect the Defendant to testify, or would hold it against the Defendant in any way if he chose to exercise his constitutional right to remain silent and did not testify.

16. Whether any of the prospective jurors would be more likely to believe the testimony of a law enforcement officer, simply because of his occupation, that they would be to believe the testimony of any other witness.

E. <u>Request for jury instructions</u>

This Defendant requests that this Court instruct the jury as follows:

1. You as jurors should give such weight, if any, to the oral and written statements of the Defendant Oscar Sandoval as you believe those

statements deserve under all the circumstances. 18 USC Section 3501(a).

2. The burden is upon the Government to prove beyond a reasonable doubt that a defendant is guilty of the charges made against the defendant. It is a strict and heavy burden, but it does not mean that a defendant's guilt must be proved beyond all possible doubt. It does require that the evidence exclude any reasonable doubt concerning a defendant's guilt. A reasonable doubt is one that would make a reasonable person hesitate to act in regard to some transaction of importance and seriousness.

   A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common, jurors cannot say that they have a settled conviction of the truth of the charge.

   Of course, a defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions – one that a defendant is guilty as charged, the other that the Defendant is not guilty – the Government has not satisfied its burden of proof of guilt beyond a reasonable doubt.

   It is not sufficient for the Government to establish a probability, though a strong one, that a fact charged is more likely to be true than

not true. That is not enough to meet the burden of proof beyond reasonable doubt. On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Concluding my instructions on the burden, then, I instruct you that what the Government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it. If you so find as to a particular charge against the Defendant, you will return a verdict of guilty on that charge. If on the other hand, you think there is a reasonable doubt about whether the Defendant is guilty of a particular offense, you must give the Defendant the benefit of the doubt and find the Defendant not guilty of that offense. United States v. Cleveland, 106 F.3d 1056, 1062-63 (1st Cir. 1997).

OSCAR SANDOVAL
Defendant
By His Attorney,

/s/Judith Crowell, Esq.
128 Dorrance Street
Fourth Floor
Providence, RI 02903
(401) 272-6600

**CERTIFICATION**

I hereby certify that on October 31, 2006, I filed this Memorandum electronically, and sent copies electronically to AUSA Sandra Beckner and AFD Edward Roy.

/s/Judith Crowell, Esq.