**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | |
| | ) | **Cr. No. 06-070S** |
| **OSCAR R. SANDOVAL-ESPANA a/k/a** | ) | |
| **Eddie Alberto Ramos** | ) | |
| **and** | ) | |
| **MANUEL A. MENDEZ-HERASME** | ) | |

**GOVERMENT'S RESPONSE TO DEFENDANT SANDOVAL'S MOTION *IN LIMINE***

Defendant SANDOVAL moves the Court to exclude all evidence of the SANDOVAL's use of an alias. The government contends such evidence is intrinsic to the offense charged. In addition, such evidence demonstrates a consciousness of guilt.

**FACTS**

Agents stopped the defendants[1] who were traveling in tandem, searched the cars, and found in excess of six kilograms of cocaine in the Toyota Avalon, the vehicle driven by MENDEZ. Also found in the Toyota Avalon, was paperwork in the name of "Eddie Ramos," the defendant's alias. SANDOVAL, although he was driving the pick-up truck, confessed that he and MENDEZ possessed the cocaine in the Toyota Avalon.

After the discovery of the six kilograms of cocaine, the defendants' were indicted for possession with intent to

---

[1] SANDOVAL was stopped in a GMC pick-up truck and MENDEZ was stopped in a Toyota Avalon.

distribute. The indictment specifically charges "OSCAR R. SANDOVAL-ESPANA a/k/a Eddie Alberto Ramos" with possession with the intent to distribute. That is, the indictment specifically alleges that the defendant uses an alias.

SANDOVAL now moves to exclude evidence of his alias, despite its inclusion in the indictment, because counsel claims the alias is evidence of SANDOVAL's illegal immigration status[2].

## ARGUMENT

### I. THE DEFENDANT'S USE OF AN ALIAS IS INTRINSIC TO THE OFFENSE CHARGED.

The defendant's use of the name "Eddie Ramos" is intrinsic to this case for several reasons. First, it is specifically alleged in the indictment. Second and perhaps more significantly, it links the defendant to the car in which the cocaine was found. Paperwork in the name of "Eddie Ramos" was seized from the Toyota Avalon in which the cocaine was secreted. Thus, although the defendant was driving a separate vehicle, the government will connect him with the Toyota Avalon via the paperwork seized.

### II. THE DEFENDANT'S USE OF AN ALIAS RAISES AN INFERENCE OF GUILT.

In its pretrial memorandum the government cited several cases concerning the admission of an alias in evidence. See

[2] The government does not intend to offer evidence of the defendant's immigration status.

United States v. Levy-Cordero, 67 F.3d 1002, 1011 (1st Cir. 1995); see also United States v. Vega-Molina, 407 F.3d 511, 530 (1st Cir. 2005); United States v. Gilbert, 229 F.3d 15, 26 (1st Cir. 2000).

In United States v. Wallace, 461 F.3d 15, 26 (1st Cir. 2006), the First Circuit once again accepted the use of such evidence. The Court agreed with the government's introduction of this evidence, even though there was an alternative explanation for the defendant's use of an alias aside from his consciousness of guilt of the charge pending. See id. (allowing evidence of an alias even though the defendant had been using the alias prior to commission of the pending offense, and arguably could have been using the alias to avoid detection in other criminal matters already pending at the time of the commission of the pending offense).

In United States v. Montas, 41 F.3d 775, 784 (1st Cir. 1994), the First Circuit recognized that drug smugglers use false names to avoid detection by law enforcement. In fact, the Court concluded that it is so obvious that aliases are used by drug dealers to avoid detection that this fact was on the "very margin of" what is proper expert testimony. Id. ("We believe that an average juror can assess intelligently whether an inference of guilt should be drawn from defendant's travelling (sic) under the name of "P.Felix" without expert testimony that airline drug

smugglers check their bags and buy their tickets under false names to avoid detection.”).

In the case at hand, SANDOVAL presented SA Forde with a false identification during the initial encounter. Defense contends that SANDOVAL did this because of his illegal immigration status. An equally likely explanation is that he presented the false identification because of his drug arrest history[3], or perhaps because like many drug dealers, he uses a false name to avoid detection by law enforcement. Another reason he used the false identification may be he feared a drug arrest and conviction would impact upon his immigration status. Whatever his rationale, the defendant’s use of a false identity is a fact the jury should be able to consider in making its determination of guilt.

**CONCLUSION**

For the foregoing reasons, the Court should allow the use of the alias evidence as evidence linking the defendant to the vehicle from which the drugs were seized. In the alternative,

---

[3] A fact the government obviously would not mention.

the Court should conclude that the defendant’s use of an alias is relevant his consciousness of guilt.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE,
UNITED STATES ATTORNEY

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney’s Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj

CERTIFICATION

I hereby certify that on November 3, 2006, a copy of the within "Government's Response to Defendant Sandoval's Motion *In Limine*" was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Edward Roy
Federal Defender's Office
10 Weybosset Street - Suite 300
Providence, Rhode Island 02903

Ms. Judith Crowell
Attorney at Law
128 Dorrance Street
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj