IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | |
| | ) | Cr. No. 06-070S |
| OSCAR R. SANDOVAL-ESPANA a/k/a | ) | |
| Eddie Alberto Ramos | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S SANDOVAL'S MOTION FOR A HEARING PURSUANT TO 18 U.S.C. § 3501(b)

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Sandra R. Beckner, Assistant United States Attorney, and hereby OBJECTS to the Defendant's Motion for a Hearing.

**FACTS**

After a lengthy suppression hearing in which defendant challenged the legality of the traffic stop, the arrest, and the voluntariness of his consent to search, the Court denied defendant's motion to suppress. Now, one week out from trial, the defendant asks the Court to hold a hearing pursuant to 18 U.S.C. § 3501(b) to determine the voluntariness of his statements. Such a hearing, however, is not necessary as the government will rely upon the facts brought out at the suppression hearing. Specifically, the following facts pertaining to the issue of voluntariness surfaced during that hearing:

Agents stopped defendant's vehicle at approximately 1:44 a.m. on May 25, 2006. During this traffic stop, in which neither defendant was treated harshly, the defendant consented to a search of his girlfriend's Toyota Avalon.

Upon his arrest, the defendant was taken to the police station where he was Mirandized. The Court found, over defense objection, that defendant orally waived his rights, and began speaking with agents. The Court also found that defendant gave voluntary, written consent to search at this time.

After the agents searched the safe, the defendant was again advised of his Miranda rights. This time, he waived these rights in writing. The written waiver was introduced as Government Exhibit 2 during the suppression hearing. The defendant then gave a written statement, and additional oral statements regarding the safe and the cocaine.

**ARGUMENT**

Section 3501 provides that the trial judge should hold a hearing to determine the voluntariness of a confession when the issue is raised by defense. See 18 U.S.C. § 3501(a). If, under the totality of the circumstances, the judge determines that the defendant's confession was voluntarily rendered, then the confession "shall be admitted in evidence," the jury may consider evidence of voluntariness and the judge "shall instruct the jury to give such weight to the confession as the jury feels it

deserves under all the circumstances. 18 U.S.C. § 3501(a) and (b).

Section 3501(b) provides a number of factors for the Court to consider in evaluating the voluntariness of the confession. These include, but are not limited to, the following: (1) the length of time between arrest and arraignment, (2) whether the defendant knew of the charges of which he was suspected, (3) whether the defendant knew he had a right to remain silent, (4) whether the defendant had been advised of his right to counsel, and (5) whether the defendant had assistance of counsel. Id.; see, e.g., United States v. Rojas-Tapia, 446 F.3d 1, 4 and n.1 (1st Cir. 2006), cert. denied, — S.Ct. —, 2006 WL 19993222, 75 USLW 3171 (U.S. Oct. 2, 2006) ("After assessing the totality of the circumstances attending a defendant's confession, see, e.g., 18 U.S.C. § 3501(b), we will affirm the denial of a motion to suppress provided the government proved, by a mere preponderance of the evidence, that there was a valid waiver."); United States v. Jackson, 918 F.2d 236, 242 (1st Cir. 1990).

In the case at hand, the Court found a valid waiver of the defendant's Miranda rights. The Court also found the defendant voluntarily consented to a search of the Toyota Avalon and the safe. Special Agent Forde testified that he did not threaten, assault or in anyway coerce the defendant to waive his Miranda rights and consent to a search. Moreover, the defendant

initially waived his rights within one hour of the traffic stop, after being advised that he was suspected of narcotics trafficking, and rendered a second, written waiver of his rights within six hours of the traffic stop.

**CONCLUSION**

Given all of the above factors already presented and/or found by the Court, the Court should rule that the defendant's statements were voluntary, and are admissible at trial. Assuming the Court finds that the statements are admissible, the defendant is entitled to a jury instruction pursuant to 18 U.S.C. § 3501(a) asking the "jury to give such weight to the confession as the jury feels it deserves under all the circumstances."

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE,
UNITED STATES ATTORNEY

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj

CERTIFICATION

I hereby certify that on November 6, 2006, a copy of the within "Government's Response to Defendant Sandoval's Motion for a Hearing Pursuant to 18 U.S.C. § 3501(b)" was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Edward Roy
Federal Defender's Office
10 Weybosset Street - Suite 300
Providence, Rhode Island 02903

Ms. Judith Crowell
Attorney at Law
128 Dorrance Street
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj