IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
)
VS. ) Cr. No. 06-070S
)
OSCAR R. SANDOVAL-ESPANA a/k/a )
Eddie Alberto Ramos )

GOVERNMENT'S PROPOSED INSTRUCTIONS

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Sandra R. Beckner, Assistant United States Attorney, and hereby proposes the attached jury instructions in addition to the general instructions.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE,
UNITED STATES ATTORNEY

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj

CERTIFICATION

I hereby certify that on November 6, 2006, a copy of the within "Government's Proposed Jury Instructions" was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Edward Roy
Federal Defender's Office
10 Weybosset Street - Suite 300
Providence, Rhode Island 02903

Ms. Judith Crowell
Attorney at Law
128 Dorrance Street
Providence, RI 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj

WILLFUL BLINDNESS AS A WAY OF SATISFYING “KNOWINGLY”

In deciding whether the defendant acted knowingly, you may infer that defendant had knowledge of a fact if you find that he deliberately closed his eyes to a fact that otherwise would have been obvious to him. In order to infer knowledge, you must find that two things have been established. First, that defendant was aware of a high probability that the safe contained cocaine. Second, that the defendant consciously and deliberately avoided learning of that fact. That is to say, the defendant wilfully made himself blind to that fact. It is entirely up to you to determine whether he deliberately closed his eyes to the fact and, if so, what inference, if any, should be drawn. However, it is important to bear in mind that mere negligence or mistake in failing to learn the fact is not sufficient. There must be deliberate effort to remain ignorant of the fact.

See Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 2.15.

KNOWLEDGE OF THE CONTROLLED SUBSTANCE

The government must prove that the offense involved a particular type and quantity of drug, not that the defendant knew that he was distributing or possessing with the intent to distribute the particular drug type and quantity charged.

See United States v. Collazo-Aponte, 281 F.3d 320, 326 (1st Cir. 2002).

POSSESSION WITH THE INTENT TO DISTRIBUTE

Defendant is accused of possessing cocaine on or about May 25, 2006 intending to distribute it to someone else. It is against federal law to have cocaine in your possession with the intention of distributing it to someone else. For you to find defendant guilty of this crime you must be convinced that the government has proven each of these things beyond a reasonable doubt:

First, that defendant on that date possessed cocaine, either actually or constructively;

Second, that he did so with a specific intent to distribute the cocaine over which he had actual or constructive possession; and

Third, that he did so knowingly and intentionally.

It is not necessary for you to be convinced that defendant actually delivered the controlled substance to someone else, or that he made any money out of the transaction. It is enough for the government to prove, beyond a reasonable doubt, that he had in his possession what he knew was cocaine and that he intended to transfer it or some of it to someone else.

A person’s intent may be inferred from the surrounding circumstances. Intent to distribute may, for example, be inferred from a quantity of drugs larger than that needed for personal use. In other words, if you find that defendant possessed a

quantity of cocaine—more than that which would be needed for personal use—then you may infer that defendant intended to distribute cocaine. The law does not require you to draw such an inference, but you may draw it.

The term “possess” means to exercise authority, dominion or control over something.

“Possession” includes both actual and constructive possession. A person who has direct physical control of something on or around his or her person is then in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it. Whenever I use the term “possession” in these instructions, I mean actual as well as constructive possession.

“Possession” also includes both sole possession and joint possession. If one person alone has actual or constructive possession, possession is sole. If two or more persons share actual or constructive possession, possession is joint. Whenever I have used the word “possession” in these instructions, I mean joint as well as sole possession.

If you find defendant guilty, you will also have to answer one or more questions concerning the quantity of the substance involved, which may affect the potential sentence.

If the you find the government proved beyond a reasonable

doubt that the defendant possessed cocaine with the intent to distribute, then you must answer the following question:

Did the offense involve at least five kilograms of cocaine?

See Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 4.21.841(a)(1).

AID AND ABET

To "aid and abet" means intentionally to help someone else commit a crime. To establish aiding and abetting, the government must prove beyond a reasonable doubt:

First, that someone else committed the charged crime; and

Second, that defendant consciously shared the other person's knowledge of the underlying criminal act, intended to help him, and willfully took part in the endeavor, seeking to make it succeed.

Defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

An act is done "willfully" if done voluntarily and intentionally with the intent that something the law forbids be done—that is to say with bad purpose, either to disobey or disregard the law.

See Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 4.18.02.

KNOWINGLY

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

See Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 2.14.

CAUTION - PUNISHMENT

If defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

See Fifth Circuit Criminal Jury Instructions, § 1.20.

ON OR ABOUT

You will note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment.

See Fifth Circuit Criminal Jury Instructions, § 1.18; United States v. Morris, 700 F.2d 427, 430 (1st Cir. 1983)(finding no denial of denial process so long as the evidence proves the offense occurred before the return of the indictment and within the statute of limitations).

## WEIGHING THE TESTIMONY OF AN EXPERT WITNESS

You have heard testimony from person(s) described as an expert(s). An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decided how much of a witness's testimony to believe, and how much weight it should be given.

See Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 2.07.